as a waiter sometime before and Morrison knew him as William Pekar. Morrison did not give any misleading information and claims that he was nervous, scared and upset during the brief interview with the detective who questioned him for a few minutes immediately following this incident, and that it was not his intention to protect Pekar. Detective King testified that his conversation with Morrison lasted two to five minutes and that the latter appeared to be scared. This appears to have been the only adverse incident in the licensed premises since the issuance of the first license. We do not excuse or condone Morrison's failure to reveal the true name of the attacker to the police. However, petitioner contends that the penalty imposed was too severe and was an abuse of the Authority's discretion. In our judgment, bearing in mind the petitioner's previous good record and the circumstances under which the brief interview by the detective was conducted, and the state of mind of Morrison at the time, a suspension of thirty days would have been sufficient and a more appropriate punishment. (CPLR 7803, subd. [d].) Petitioner's license expired February 28, 1969. He has been without a license now for approximately four months. If the Authority disapproved the renewal for the 1969–1970 license year solely upon the incident of September 13, 1967, as it appears from the record that such was in fact, the Authority is directed to renew the license. Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Nunez, JJ.

■ CHASE MANHATTAN BANK v. SYOSSET DEVELOPMENT CORP.— Branch of motion for an order amending the order of this court entered on June 3, 1969, granted to the extent of striking from the second paragraph constituting the first decretal determination the word " appropriate" which appears partially on the fourth and fifth lines thereof and adding immediately following the word " sum" on the fifth line thereof the words "from March 18, 1963". That branch of the motion seeking reargument denied. Concur — Stevens, P. J., Eager, McGivern, Nunez and McNally, JJ. [32 A D 2d 745.]

■ JEAN KOPELMAN et al. v. SAMUEL SIGEL.— Motion, insofar as it seeks to amend the order of this court entered on April 2, 1969, granted, and said order is amended by striking out the period at the end of the last paragraph thereof and by adding the following: " and it is further ' ORDERED that the second counterclaim seeking partition be and the same hereby is dismissed.' " Motion, insofar as it seeks an allowance, denied without prejudice to renewal at Special Term. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Macken, JJ. [31 A D 2d 902.]

■ THE PEOPLE OF THE STATE OF NEW YORK v. JAMES BOULWARE.— Motion for resettlement granted. Resettled order signed and filed. Concur — Eager, J. P., Capozzoli, Tilzer, Nunez and Steuer, JJ.

■ In the Matter of JACK ALLEN CHARTOFF, Also Known as JACK CHARTOFF, an Attorney.— Application for reinstatement granted. Concur — Stevens, P. J., Capozzoli, Tilzer, McGivern and Steuer, JJ.

## (July 10, 1969)

■ In the Matter of CLARENCE Y. PALITZ, JR., et al., as Coexecutors of CLARENCE Y. PALITZ, Deceased, Appellants. ARTHUR F. LAMANDA, as Special Guardian for Certain Infants, et al., Respondents.